UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:08-334-KKC

SHERRI HARVEY                                                              PLAINTIFF

v.                                      **OPINION AND ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security                                           DEFENDANT

* * * * * * * * *

This matter is before the Court on the parties' cross motions for summary judgment. For the reasons set forth below, we **REVERSE** the Administrative Law Judge's decision and **REMAND** to the Commissioner for further proceedings.

**I.      Introduction**

Plaintiff Sherri Harvey ("Plaintiff") filed the current application for social security income on January 28, 2003 and Administrative Law Judge Donald A. Rising ("the ALJ") issued a partially favorable decision, finding the onset of disability to be September 25, 2002. (Tr. 22). Review by the Appeals Council was requested by the Plaintiff.[1] (Tr. 22). The Appeals Council then vacated the decision in its entirety and remanded the matter because "the basis for finding that the claimant's residual functional capacity diminished to less than sedentary work...is not supported by substantial evidence." (Tr. 22).

The Appeals Council directed that a consultative examination be obtained which was conducted on November 19, 2006 by Dr. Rita Ratliff, MD. (Tr. 246). Furthermore, a hearing

---

[1] Plaintiff filed a prior application for benefits on July 18, 2000 that was denied by an ALJ decision on May 31, 2002. (Tr. 22). The ALJ determined that Plaintiff could perform a range of medium exertional work. (Tr. 22). In Plaintiff's appeal of the January 28, 2003 decision, she alleged that she was disabled at the time of the previous decision but that she was unaware of her ability to appeal. (Tr. 22).

was scheduled for August 16, 2007 to ensure that all outstanding records were submitted given that a medical expert ("ME") was scheduled to testify. (Tr. 23). This hearing had to be rescheduled and was ultimately convened on December 6, 2007. (Tr. 23).

II.     **Discussion**

    A.     **Standard of Review**

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994). The Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

When reviewing the ALJ's decision, the Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. Appx. 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 Fed. Appx. 503, 506 (6th Cir. 2005).

**B.     Overview of the Process**

Under the Social Security Act, disability is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. §416.920. The claimant has the burden of proving the existence and severity of limitations caused by their impairment and the fact that he is precluded from doing past relevant work for the first four steps of the process, however the burden shifts to the Commissioner for the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

At the first step, the claimant must show he is not currently doing substantial gainful activity. *See* 20 C.F.R. 416.920(a)(4)(I). If the claimant is engaging in substantial gainful activity then he is not disabled, regardless of his medical condition, age, education, or work experience. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment. *See* 20 C.F.R. § 404.1520©). If the claimant does not have a severe impairment, then he is not disabled.

At the third step, a claimant must prove that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d), § 404.1525, and § 404.1526. If claimant's impairment or listed impairment meet or medically equal a listing and meets the durational requirement (at least one year) then claimant is disabled. If the impairment does not meet these requirements then the analysis proceeds to the fourth step.

Before considering the fourth step, the ALJ must determine claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). An RFC analyzes an individual's ability to do

3

physical and mental work activities on a sustained basis despite any mental or physical impairments.  In determining the RFC, the ALJ must consider all of the claimants impairments, including ones which are not severe.  *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.  Once the ALJ has determined the claimants RFC, he must determine whether he has the RFC to perform the requirements of his past relevant work.  *See* 20 C.F.R. § 404.1520(f).  If a claimant can perform past relevant work then he is not disabled.  If he is unable to perform his past relevant work then the analysis proceeds to the fifth step.

At the fifth step, the Commissioner must show that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education, and work experience.  *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560©).

### C.    The ALJ's Decision

The ALJ conducted the hearing in question on December 6, 2007 and issued her opinion denying Plaintiff's claim for supplemental security income on February 13, 2008.  (Tr. 22, 30).  When the decision was issued, Plaintiff was forty-four years old and had a high school education.  (Tr. 29).  Her past relevant work was as a waitress, production laborer and kitchen helper.  (Tr. 29).

At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 28, 2003 the date of her application for disability benefits.  (Tr. 25).  Although the ALJ found that the claimant had severe impairments related to history of left shoulder pain, cervical degenerative disk disease (status post discectomy and fusion), lumbar strain/sprain syndrome, he determined that these impairments do not meet or medically equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R.

4

§ 416.920(d), 416.925 and 416.926).

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work including sitting for six hours during an eight hour day and walking for four hours during an eight hour day, but no longer than thirty minutes continuously for any of these activities. Plaintiff was found to be able to lift and/or carry ten pounds frequently and twenty pounds occasionally but was not able to do so above the shoulder level. Plaintiff was found unable to crawl or climb ladders, ropes and scaffolds. She also is only occasionally able to climb stairs, stoop and kneel. She must avoid exposure to vibrating equipments, heights or extreme cold.

Based on the testimony of a VE, the ALJ determined that Plaintiff was unable to perform any past relevant work. As a result, the burden then shifted to the Commissioner to show that other work exists in the national economy that she could perform. At the final step of the sequential process, the ALJ determined that based on Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. This burden was met at the hearing through the testimony of the VE who specifically determined that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 30).

Consequently, the ALJ issued a decision finding that Plaintiff was not disabled under Social Security Regulations. (Tr. 19-30). Plaintiff's request for review by the Appeals Council was denied on June 16, 2008. (Tr. 14-16). As a result, this case is now ripe for review under 42 U.S.C. § 1383(c)(3).

### D.    Analysis

In support of Plaintiff's Motion for Summary Judgment, it is initially asserted that the

RFC determination made by the ALJ is not supported by substantial evidence because it failed to accord great weight to the opinion of Plaintiff's treating physician Dr. Kishore.  However, the Court is unable to review this argument at this time because the ALJ's opinion fails to indicate what weight he gave Dr. Kishore's opinion and whether he considered him as a treating physician.  As a result we reverse and remand.

In determining that Plaintiff was not disabled, the ALJ found that Plaintiff has the RFC to perform light work.  (Tr. 27).  Plaintiff contends that this finding went against "overwhelming substantial evidence of record including treating physician's diagnosis, treating physician's residual functioning capacity form," and her own testimony.

In general, the opinions of treating physicians are given substantial and often controlling deference.  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004).  However, these opinions are only given such deference when supported by objective medical evidence.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); 20 C.F.R. § 416.927(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").  Where the treating physician's opinion is not supported by objective medical evidence, the ALJ may discredit the opinion as long as he sets forth clear reasons for his rejection.  *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987).

In *Blakely v. Commissioner of Social Security*, the Sixth Circuit explained that "closely associated with the treating physician rule, the regulations require the ALJ to 'always give good reasons in [the] notice of determination or decision for the weight' given to the claimant's treating source's opinion."  *Blakely v. Comm'r of Soc. Sec.*, 2009 FED App. 0343P (6th Cir. 2009)(quoting 20 C.F.R. § 404.1527(d)(2)).  Such reasons must be "supported by the evidence in

6

the case record, and be sufficiently specific to *make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion* and the reasons for that weight." *Blakely*, 2009 U.S. App. LEXIS 21132, at * 17-18, 2009 WL 3029653 (quoting Soc. Sec. Rul. 96-2p, 1996 SSR LEXIS 9 at *12, 1996 WL 374188, at *5). This requirement has two purposes, first it is intended to let claimants understand the disposition of their case especially in situations where a treating physician finds them disabled and the ALJ's decision indicates that they are not. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). This situation would be bewildering to a claimant without clear reasons being given for the decision to discount the opinions of the treating physician. *Id.* at 544. The second purpose ensures that the ALJ applies the treating physician rule, thereby facilitating meaningful review of his decision by the courts. *Id.*

The Sixth Circuit further clarified this procedural requirement in *Rogers v. Commissioner of Social Security*, explaining that a statement that the objective medical evidence does not support the limitations suggested by a treating physician is insufficient. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 245-46 (6th Cir. 2007). The required explanation "is directed to explaining not just why these opinions did not warrant controlling weight, but should also explain *what weight was given to the treating opinions*." *Id.* at 246 (emphasis added). In cases where an ALJ fails to provide adequate justification for the weight given to treating physician opinions, a subsequent decision discounting that physician's opinion does not meet the requirements of 20 C.F.R. § 416.927 and cannot serve as substantial evidence for the ALJ's decision. *Id.*

On September 1, 2004, Dr. Kishore, who apparently treated Plaintiff for several years,

completed a physical indicating Plaintiff could perform less than the full range of sedentary work. (Tr. 233-36). Dr. Kishore determined that Plaintiff could lift or carry ten pounds or less, standing or walk for two to three hours per workday and sit for up to two to three hours per day. (Tr. 233-34). He based these limitations on Plaintiff's back pain and decreased range of motion. (Tr. 233-34). In finding that the Plaintiff could perform light work, the ALJ clearly disagreed with this RFC. (Tr. 27).

In coming to a different RFC determination than Dr. Kishore, the ALJ initially considered a consultative examination performed by Dr. Ratliff on November 29, 2006. (Tr. 26). He also considered medical evidence of visits by Plaintiff to Dr. Kishore between February and November 2007. In addition, he reviewed treatment Plaintiff had received from Dr. Michael Lyons starting on September 27, 2007. (Tr. 299). Finally, the ALJ considered testimony of the orthopedic medical expert who reviewed all of the evidence and determined that "there was no basis for the restrictions that had been imposed by Dr. Kishore." (Tr. 27). Critically, what is missing from the ALJ's opinion is whether he considered Dr. Kishore to be a treating physician and what weight if any was given to the medical assessment that was performed by his office. Based on his conclusion, the Court is left to speculate whether the ALJ gave his opinions some weight, little weight, or no weight at all.

In a footnote, the ALJ indicated that the Appeals Council requested that he investigate the authenticity of the medical assessment performed by Dr. Kishore's office and to ascertain its author, but this was not done because the ME did not consider the opinion worthy of deference. (Tr. 27 n.2). The ALJ's apparent decision to reject the findings of Dr. Kishore and other physicians who treated Plaintiff may or may not have been correct. However, he was required to

8

make clear to Plaintiff and to this Court what weight if any he assigned to Dr. Kishore's opinion and the specific reasons supporting giving that weight. *See Rogers*, 486 F.3d at 242. This he failed to do. The ALJ's opinion indicates that the ME found no basis for the restrictions imposed by Dr. Kishore. (Tr. 27). While it seems that this opinion was accepted by the ALJ, he did not explain what weight he was giving the opinions of Dr. Kishore.

Under 20 C.F.R. § 416.927, Plaintiff was guaranteed to be given good reasons for the weight given to her treating physician's opinion and an explanation of what weight was given. These requirements were not met. Without an explanation of the precise weight that was given to the opinions of Dr. Kishore and any other treating sources, meaningful review of the ALJ's decision has been rendered more difficult. As a result, this case should be remanded. *See Blakely*, 2009 U.S. App. LEXIS 21132, at *18, 2009 WL 3029653 (explaining that the Sixth Circuit has "held that an ALJ's failure to follow the procedural requirement of identifying the reasons for discounting the opinions and explaining precisely how those reasons affected the weight given '*denotes a lack of substantial evidence*, even where the conclusion of the ALJ may be justified based upon the record.'")(quoting *Rogers*, 486 F.3d at 243)(emphasis in original).

In reaching the decision that this case should be remanded, the Court notes that it is not commenting on the merits of Plaintiff's disability claim. The Court is simply requesting clarification from the ALJ whether his decision considered Dr. Kishore to be a treating physician, what weight was given to his opinions and the reasons for giving that weight and rejecting his opinions. Following these procedural requirements will facilitate judicial review of this decision and allow the Court to determine whether the ALJ's conclusions were supported by substantial evidence.

**III.**   **Conclusion**

For the reasons discussed above, the Court HEREBY ORDERS that:

(1) Plaintiff's Motion for Summary Judgment (Rec. No. 10) is **DENIED**;

(2) Defendant's Motion for Summary Judgment is (Rec. No. 11) is **DENIED**;

(3) The decision of the Commissioner of Social Security is **REVERSED** and this action

is **REMANDED** for further proceedings.

Dated this 21st day of October, 2009.

**Signed By:**

*Karen K. Caldwell*  $\mathcal{KKC}$

**United States District Judge**